## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JON ANTHONY TERRY,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 3:23-CV-2411-M** |
| | § | **(NO. 3:17-CR-0647-M)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jon Anthony Terry under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.       BACKGROUND

The record in the underlying criminal case reflects the following:

On December 13, 2017, Movant was named in a five-count indictment charging him in counts one through four with production of child pornography involving three different victims, in violation of 18 U.S.C. § 2251(a), and in count five with possession of prepubescent child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). CR ECF No.[1] 16. Movant entered a plea of not guilty. CR ECF No. 19. Movant later entered into a plea agreement pursuant to which he agreed to plead guilty to the offenses charged by counts two and three of the indictment and the government agreed not to bring any additional charges against Movant based upon the conduct

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:17-CR-0647-M.

underlying and related to the plea and to dismiss any remaining charges. CR ECF No. 37. The plea agreement further set forth the penalties Movant faced, including imprisonment of not less than 15 or more than 30 years for each count; that Movant had reviewed the guidelines with counsel but understood that no one could predict the sentence that would be imposed; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the legal representation provided him. *Id.* Movant also signed a factual resume that set forth the elements of the offenses charged in counts two and three and the stipulated facts establishing that Movant had committed those offenses. CR ECF No. 36. On February 19, 2019, Movant appeared in open court for rearraignment and testified under oath that: he understood that he was giving up his right to a speedy and public trial by pleading guilty; he understood that his plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind; he had no questions about the course of the proceedings; he understood the charges and had discussed them in detail with counsel; he understood the essential elements of counts two and three and he committed each of them; he was fully satisfied with counsel and the representation he had received; he read, understood, and discussed the plea agreement with counsel before signing it; he agreed to waive his right to appeal or otherwise challenge his sentence and conviction except in very limited circumstances; he voluntarily and of his own free will entered into the plea agreement and no one had in any way attempted to force him to plead guilty; he understood the penalties he faced, including imprisonment of not less than 15 or more than 30 years as to each count, which might run consecutively; and, he read, understood

and discussed the factual resume with counsel before signing it and the stipulated facts set forth in it were true. ECF No. 74. The magistrate judge found that Movant was fully competent and capable of entering into an informed plea and that his guilty pleas to counts two and three were knowing and voluntary and supported by an independent basis in fact. She advised Movant that her findings and recommendation that the plea be accepted by the district judge would be contained in a written report and that any objection must be filed within 14 days. *Id.* at 21–22. The report and recommendation was issued that day and included notice to Movant that objections must be filed within fourteen days or would be waived. CR ECF No. 42. No objections were filed and the district court accepted the recommendation and plea of guilty. CR ECF No. 44. At no time did Movant file a motion to withdraw his plea.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's combined adjusted offense level was 48. CR ECF No. 48, ¶ 83. He received a chapter four enhancement of five as a repeat and dangerous sex offender against minors. *Id.* ¶ 84. He received a three-level reduction for acceptance of responsibility. *Id.* ¶¶ 85, 86. Based on a total offense level of 43 (pursuant to Ch. 5, Part A comment n.2 of the guidelines), and a criminal history category of I, his guideline imprisonment range was life; however, the statutorily-authorized maximum sentence was 60 years, so the guideline range became 720 months. *Id.* ¶ 123. But for the plea agreement, Movant would have faced a maximum sentence of 140 years. *Id.* ¶ 124. Movant filed objections, CR ECF No. 51, and the probation officer prepared an addendum to the PSR. CR ECF No. 52.

On September 11, 2019, Movant appeared for sentencing. CR ECF No. 77. He acknowledged that what he did "should have never happened ever," and apologized to all those

who were involved. *Id.* at 19. In pronouncing sentence, the Court, noting that the things Movant did were monstrous, stated:

> It is beyond comprehension that a person would do what you did to these children, ranging from the age of 2 to 10, who are not just boys and not just girls and weren't strangers but were your own children and other children. It is breathtaking what you did, and I am going to punish you for it as much as the law allows me to because I am concerned about you being out in the world where you can do that again.

*Id.* at 38. The Court sentenced Movant to consecutive 360-month terms of imprisonment. CR ECF No. 62. He appealed. CR ECF No. 64. The sole issue on appeal was Movant's allegation that the Court had erred in imposing a $10,000 assessment because he was indigent. The United States Court of Appeals for the Fifth Circuit disagreed, affirming the sentence. *United States v. Terry*, No. 19-11039, 2022 WL 1469218 (5th Cir. May 10, 2022). His petition for writ of certiorari was denied. *Terry v. United States*, 143 S. Ct. 387 (2022).

## II.   GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion. He alleges that he received ineffective assistance because counsel (1) coerced him into pleading guilty, ECF No.[2] 1 at 4,[3] and (2) failed to advise him that he could withdraw his plea for any reason until it was accepted by the Court. *Id.* at 5. His memorandum in support is directed to the second ground. ECF No. 3.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page references to the motion are to "Page __ of 16" reflected at the top right portion of the document on the Court's electronic filing system.

164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different

result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

Movant's contention that he "succumbed to the pressure from [counsel] and signed the plea deal," ECF No. 7, ¶ 14, is belied by the record. Movant testified under oath to the facts establishing that his plea was knowing, voluntary, and intelligent. CR ECF No. 74. In particular, Movant testified that he was fully satisfied with the representation provided by counsel, *id.* at 14; he had read, understood, and discussed the plea agreement in detail with counsel before signing it, *id.* at 14–17; and, he voluntarily and of his own free will entered into the plea agreement and no one had promised him anything or "mentally, physically, or in any other way attempted to force [him] to plead guilty," *id.* at 17.[4] Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Movant has not come forward with any

---

[4] Contrary to Movant's allegation, ECF No. 7, ¶ 17, the record does not reflect any hesitation on the part of Movant in responding to the question about coercion. CR ECF NO. 74 at 17.

evidence containing independent indicia of the likely merit of his allegation that his plea was coerced. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). His declaration contradicting his sworn testimony is insufficient to entitle him to relief. *United States v. Smith*, 945 F.3d 860, 863 (5th Cir. 2019).

As for the second ground, the contention that Movant would have withdrawn his plea before the district judge accepted is wholly conclusory and unsupported by any evidence bearing any indicia of reliability. The record reflects that Movant was advised both in person and in writing that he could object to the recommendation that the plea agreement be accepted, but must do so within fourteen days of rearraignment. CR ECF No. 74 at 21–22; CR ECF No. 41; CR ECF No. 42. Even if Movant could show that counsel was ineffective, and he cannot, in order to show prejudice, he must show that he would have insisted on going to trial but for counsel's conduct. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant fails to cite any contemporaneous evidence to show that he would have insisted on going to trial absent counsel's alleged deficiencies, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). The record establishes that the evidence against him was overwhelming. CR ECF No. 48. Had Movant gone to trial, he would have faced a maximum sentence of 140 years; by pleading guilty he faced a maximum sentence of 60 years. *Id.* ¶ 124. Finally, as the government

7

notes, at no time did Movant express any dissatisfaction with counsel or make any attempt to withdraw his plea. ECF No. 12 at 12–13. He is not entitled to any relief.

## V.      CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the motion.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 13th **day** of **August, 2024**.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

8